# Corrigan *v.* Wilkes-Barre & Wyoming Valley Traction Company, Appellant.

*Practice, C. P.—Trial—Remarks of judge—Evidence.*

1. Where a trial judge refuses to permit a witness to testify as to what parts of the day in a particular locality are the warmest during the winter time, and no exception is taken to the ruling, the party offering the witness cannot complain because the judge adds by way of comment, "It is well known, especially in this part of Pennsylvania, it would be almost impossible to answer that question, unless a man kept an actual record," and then adds, in substance, that the temperature might vary at the same hour on different days.

*Evidence—Reputation—Competency of witness.*

2. Where. witnesses testify to an acquaintance of several years'

standing with a person whose reputation is in question, they may testify that they had never heard it questioned.

*Practice, C. P.—Charge—Witness.*

3. A trial judge may rightfully refuse a request to charge that the testimony of a witness for the plaintiff was that of one vitally interested in the verdict, and that such interest was contradicted by disinterested witnesses of the defendant. In such a case the judge may properly tell the jury that it is for them to say whether or not the witnesses are disinterested.

4. Conscious falsehood, or intentional misstatement must be found upon the part of the witness before the jury will be entitled to disregard the whole of the testimony of such witness.

*Appeals—Assignments of error—Exceptions—Instructions.*

5. An answer of the trial judge to a communication from the jury not excepted to, cannot properly be assigned for error.

Argued April 14, 1909. Appeal, No. 84, Jan. T., 1909, by defendant, from judgment of C. P. Luzerne Co., Feb. T., 1906, No. 442, on verdict for plaintiffs in case of James Corrigan et al. v. Wilkes-Barre & Wyoming Valley Traction Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries suffered by James Corrigan, a minor, suing by his next friend and father, Patrick Corrigan.

At the trial Betterly, a witness for defendant, was asked this question:

"Q. Do you know what parts of the day in this valley during the winter time beginning, say, first of December and running on until the first of March, are the warmest?"

Objected to as irrelevant and immaterial.

The Court: Take that.

"Q. Do you know? A. Why, yes. Q. What parts of the day during those months are the warmest?"

Objected to. Sustained.

"Q. Whether or not you know this from observation and from the records that you have kept? A. From observation. Q. What parts of the day are the warmest?"

Objected to as irrelevant and immaterial. Sustained. Defendant's counsel ask for an exception.

The Court: It is well known, especially in this part of Pennsylvania, it would be almost impossible to answer that question unless a man kept an actual record. May be warm in the morning or cool that time of the year and cool at noon and at night. May be cold in the morning and warm in the middle of the day and medium in the evening.

Defendant's counsel: We desire to take an exception to the statement of your honor made here with reference to the general knowledge in this valley.

The Court: Note an exception as to what the court said. [1]

James May, sworn for plaintiffs, in rebuttal.

Direct examination.

"Q. How long have you known Mrs. Corrigan? A. Why, about between eight and nine years. Q. Where do you live now? A. Same street, Slocum street. Q. How far from where she lives? A. Oh, now! Q. Where do you live now? A. Slocum street. Q. How far is that from where Mrs. Corrigan now lives? A. I don't know where she lives now. Q. How long did you live a neighbor to her? A. Probably a year, about that, something like that. Q. During the time you lived neighbor to her do you know from speech of the people right there in the neighborhood what her reputation was for truth and veracity?"

Objected to.

"A. I know nothing wrong about her. Q. Do you know what her reputation was in the neighborhood for truth and veracity?"

Defendant's counsel objects to the question. Objection overruled, question allowed, exception noted, bill sealed for defendant. [2]

A similar ruling was made as to the testimony of another of the plaintiffs' witnesses. [3]

The court charged the jury in part as follows:

[The loss of the leg, of course, is permanent; but if he has sustained other injuries by this accident are they permanent

or are they temporary, and if only temporary, how long will they last, according to the evidence in the case?] [4]

Defendant presented these points:

2. Conceding that the testimony of Mrs. Corrigan tends to show negligence upon the part of the defendant, it must be remembered that she is vitally interested in the verdict and her testimony in this respect being contradicted by the disinterested witnesses of the defendant, including the motorman, it is the duty of the jury to most carefully scrutinize and weigh her testimony in the light of the interest which she has in the result of this case. *Answer:* This point is affirmed except this "and her testimony being contradicted by the disinterested witnesses on the part of the defendant, including the motorman." The court does not say they were disinterested or unbiased. The court says it is for you to say whether the motorman and the witnesses offered on the part of the defendant were disinterested or biased. It is your duty to believe all witnesses sworn in a case if you can conscientiously do so. If you cannot, then you must exercise your right to believe whom you will and ascertain who were biased or who were interested as the evidence may develop. [6]

7. If the jury find that any of the plaintiffs' witnesses told a falsehood as to any material fact narrated in their testimony, then the jury would be entitled to disregard and throw out the whole of the testimony of such witness. *Answer:* I decline to charge so, "if the jury find that any of the plaintiffs' witnesses told a falsehood as to any material part." If you believe any of plaintiffs' witnesses consciously and intentionally lied or told a falsehood, you would be so warranted; but if one simply made a mistake as to a fact, intending to tell the truth, it would not be right. I say the same concerning defendant's witnesses. [7]

Verdict and judgment for James Corrigan for $6,000 and for Patrick Corrigan for $750. Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (4, 6, 7) above instructions and (5) answer of the trial judge to the communication of the jury.

*John T. Lenahan*, with him *Paul Bedford* and *Frank A. McGuigan*, for appellant.

*James L. Lenahan*, with him *James McQuade*, for appellees.

OPINION BY MR. JUSTICE POTTER, October 11, 1909:

In the statement of questions involved in this appeal, counsel for appellant have given us no intimation of the nature of the controversy, or of the precise questions to be determined. Nor does the history of the case supply any particulars which aid us in getting at the points to be determined. Counsel have also injected into the history of the case an uncalled for reflection upon the trial judge, in the statement that after rejecting an offer of evidence, he proceeded to give testimony upon the subject. We do not find anything in the record to justify this assertion. The matter referred to is set out in the first assignment of error, wherein it is alleged that the court erred, when, after refusing to allow a witness to testify as to what parts of the day in that locality are the warmest during the winter time, from the first of December until the first of March, the court added, by way of comment, "It is well known, especially in this part of Pennsylvania, it would be almost impossible to answer that question unless a man kept an actual record," and then added in substance, that the temperature might vary at the same hour on different days. The court had previously thereto ruled that if the witness would state that he had kept an account, or could say from recollection what the warmest part of the day in question was, he might testify; but the witness would not attempt to say on what part of the particular day in question the temperature stood at a certain point. We think the ruling of the trial judge, in this respect, was correct. As the comment of which counsel complain referred to evidence which was excluded, we do not see that the comment did any harm. The exclusion of the testimony itself is not assigned as error. If its admission had been deemed important, counsel should have taken an exception, and assigned error to its exclusion by the court.

In the second and third assignments of error, counsel for

the defendant complain of the admission of the testimony of two character witnesses whose testimony was negative only. Each of these witnesses testified to an acquaintance of several years' standing, with the person whose reputation was in question. The ordinary result of long acquaintance would be to place them in a position, where they would have been likely to hear comment upon the reputation, if it had been made; and not having heard it questioned, they could so testify. Their evidence was perhaps of no great importance, but its weight was for the jury, and it was corroborative of other character witnesses. We see no error in the admission of this evidence.

In the fourth assignment, complaint is made of the charge of the court, as set forth in this extract: "The loss of the leg, of course, is permanent; but if he has sustained other injuries by this accident, are they permanent or are they temporary, and if only temporary how long will they last, according to the evidence in the case?" There was testimony showing other injuries, beside the loss of the leg, such as cuts above the knee, and on the head, and on the hands and face, and bruises on the body. And also as to pain in the leg after the amputation. The court did not say to the jury that these injuries were permanent, but left that question for their determination.

The fifth specification of error is without merit. The answer of the trial judge to the communication from the jury, was entirely proper. No exception to it was taken by counsel for appellant, and it cannot properly be assigned for error.

In the sixth specification, complaint is made of the qualification of defendant's second point, in its affirmance by the court. In the point the court was asked to say that the testimony of a witness for the plaintiff was that of one vitally interested in the verdict, and that she was contradicted by disinterested witnesses of the defendant. The court rightfully refused to pronounce upon the bias of the witnesses, and said to the jury, that it was for them to say whether or not the witnesses were disinterested. The trial judge was also correct in saying to the jury that conscious falsehood or in-

tentional misstatement must be found upon the part of a witness, before the jury would be entitled to disregard the whole of the testimony of such witness.

The assignments of error are all overruled, and the judgment is affirmed.